## B. KUEBORTH *v.* H. A. MEAD.

[Abstract Kentucky Law Reporter, Vol. 3—533.]

**Redemption of Land from Sale.**

> Where a debt, including interest and costs, is paid by the conveyance of real estate, an agreement of the purchaser thereafter to permit the grantor to redeem is a voluntary agreement based on no other consideration than his desire that the grantor should keep the land and pay the money, which the grantor agreed to do; and when he makes payments under such agreement, and fails to pay the whole of the debt, the creditor may take possession or enforce his judgment by again selling the land.

### APPEAL FROM GREENUP CIRCUIT COURT.

January 7, 1882.

OPINION BY JUDGE PRYOR:

The appellee's debt was satisfied in full, including interest and costs, by his purchase of appellant's land. The agreement to permit its redemption by the debtor was voluntary on the part of the appellee, and without any other consideration than his wish that appellant should keep the land and pay the money. This the latter agreed to do, and made various payments for the purpose of redeeming the land, even after the sale had been confirmed, and reduced the indebtedness by three payments from $3,100 to a sum less than $1,000. The commissioner, in ascertaining the amount of credits and the balance due appellee, gave interest at six per cent. on the debt, interest and costs, for which the land sold and which was the entire debt due. This was proper; the debt had been paid and the appellee had the right at any time when there was a default to take possession of his land or enforce the payment of his judgment by again selling it. The appellant failed to redeem, and the interest should have

been calculated at the rate of six per cent. on the amount of the purchase-price from the date of the purchase.

The judgment is therefore *reversed* and cause remanded for further proceedings. We think the first report of the commissioner contains both the law and equity of this case.

*Roe & Roe, for appellant.*

*E. F. Dulin, for appellee.*